17-2380
United States v. Pasley

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th of May, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> > Circuit Judges.

_____

United States of America,

> Appellee,

> v.                                                              17-2380

Preston Pasley, AKA Smoove,

> Defendant – Appellant,

Jaquan McIntosh, AKA BJ, Sean McIntosh,
AKA Slimmy, Hasani Fitts, AKA Has, Laquan Parrish,
AKA MadDog, AKA Quanzas, Andre Bent, AKA Dula,

Aaron Rodriguez, AKA Gunz, AKA Cito, Mark Clarke, AKA Gritty, AKA Mark the Gritty Shark, Bowlin Wallingford, AKA BK, AKA Bay Kay, Rodrigo Gonzalez, AKA Frenchy, Elijah Brown, AKA Lil Eli, Joshua Brown, Kayshawn Campbell, AKA Fresh, Robert Pope, AKA Big Bert, David Mattison, AKA Dave, AKA Daddy, Kevin Mattison, AKA Kev, Jayvon Carter, AKA Jay, AKA Jigga, Marcel Bent, AKA Marcellus, AKA Cellie, Terrence Pasley, AKA Fresh, Daquan Anderson, AKA BD, Dante Gregory, AKA Smiley, Cintron Powell, AKA C-Live, Walter Jernigan, AKA Lil G, AKA G-Boo, Mouhahamet Cherry, AKA Momo, Emmanuel McKenzie, AKA Manny Fresh, Lloyd Rodriguez, AKA T-Boy, Nicholas Bailey, AKA Nicholas Dale, AKA Nick, Shawn Walker, AKA Styles, Peter Lewis, AKA Pebbs, Ronald Matthews, AKA Ronnie, Travis Thompson, Kareem Sanders, AKA Reem, Jonathan Cummings, AKA J-Starz, Wayne Leon, AKA Wayne Brady, Danny Jones, AKA Red, AKA Casper, Lamor Miles, AKA Ls, Robert Miles, Patrick Little John, AKA Pat, Andrew Moncrieffe, AKA Drew, Gary Arrington, AKA G., Williams Rodriguez, AKA Will, Melvin Rodriguez, AKA YB, Brandon Anderson, AKA Big BD, Emile Anderson, AKA Kev, AKA Fetti, Devin Walker, AKA Dev, John Alvarez, AKA Gotti, Courtney Green, AKA C-Rock, Erick Canales, AKA EC, Gregory Cameron, AKA Biggs, AKA Bigga, AKA GG, Jabriel Lewis, AKA Breeze, AKA Breezy, Vaughn Washington, AKA Murder, Bruce Washington, AKA BJ, Damon Parrish, Roberto Munoz, AKA Jr., Alonzo McIntosh, AKA Manuke, Kraig Lewis, AKA K-Murda, Kavone Horton, AKA Styles,

**Defendants**.

_____

**FOR DEFENDANT-APPELLANT:**    Richard Palma, Law Office of Richard Palma, New York, NY.

**FOR APPELLEE:**    Rachel Maimin, Karl Metzner, Assistant United States Attorneys, <u>for</u> Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Pursuant to a plea agreement with the Government, Preston Pasley pleaded guilty to racketeering conspiracy in violation of 18 U.S.C. § 1962(d). The United States District Court for the Southern District of New York (Kaplan, <u>J</u>.) sentenced Pasley principally to 108 months' imprisonment. Pasley appeals his sentence, arguing that the Government breached his plea agreement, and that the district court committed two procedural errors. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. The plea agreement calculated a guidelines range of 97-121 months' imprisonment, based on a base offense level of 29 and Criminal History Category II. Although the Pre-Sentence Report ("PSR") also calculated his base offense level as 29, it concluded that Pasley should be in Criminal History Category III by reason of a youthful offender robbery conviction that was not referenced in the plea agreement. Accordingly, the PSR calculated Pasley's guidelines range as 108-135 months' imprisonment.

In its sentencing memorandum and at sentencing, the Government did not advocate for either guidelines range, but argued that a sentence of 108-121 months was appropriate. The district court adopted the PSR's guidelines range

of 108-135 months, and sentenced Pasley principally to 108 months' imprisonment.

On appeal, Pasley argues that the Government breached the plea agreement by advocating for a sentence of 108-121 months. However, the agreement explicitly permitted the Government to advocate for any sentence within the stipulated guidelines range of 97-121 months:

> [N]othing in this Agreement limits the right of the parties . . . to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to [18 U.S.C. § 3553(a)].

App'x 32. The Government did what this provision allowed.

Pasley argues that the Government knew about the youthful offender conviction at the time it negotiated the plea agreement, that the Government was therefore forbidden from advocating for a guidelines change based on that conduct, and that the Government's decision to advocate for a sentence with the same low-end as the PSR's guidelines range (108 months) was no coincidence, and amounted to an intentional, bad-faith suggestion that the court adopt (and sentence within) the PSR's higher guidelines range.

The Government's choice of number cannot sustain the weight Pasley puts on it. No doubt Pasley would have wished that the Government advocate for a sentence at the low end of the stipulated guidelines range; but the Government was not bound to advocate for any particular sentence within that stipulated range. Moreover, the Government reasonably explained at sentencing that it was advocating for a sentence of 108-121 months because it was appropriate under § 3553(a), and not because of anything calculated in the PSR.

Accordingly, the Government did not breach the plea agreement.

**2**.   Pasley argues that the district court violated Federal Rule of Criminal Procedure 32 by imposing sentence before affording Pasley a meaningful opportunity to speak.

The Government asserts that, in the plea agreement, Pasley waived his right to appeal.   Pasley argues that the right he asserts--the right to address the court before sentence is imposed--is a "fundamental right [that] warrants voiding an appeal waiver."   United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011) ("A violation of a fundamental right warrants voiding an appeal waiver.").   This court has not yet decided whether a violation of Rule 32(i)(4)(A)(ii) survives an appeal waiver; however, we need not resolve this dispute here because Pasley's argument is factually groundless.

It is undisputed that Pasley was given an opportunity to speak--and did speak--at his sentencing.   However, Pasley argues that the following statement-- made by the district court before he spoke--demonstrates that the district judge had predetermined his sentence before giving him that opportunity:

> I am telling you right now that, unless I hear something that I don't expect to hear in this sentencing, there will be a sentence here that will be within the guideline range that you stipulated to [and] that probation has recommended . . . .

App'x 98.

Rule 32 requires only that the district judge give the defendant an opportunity to speak "[b]efore imposing sentence."   Fed. R. Crim. P. 32(i)(4)(A)(ii).   The prediction by the district judge was not an imposition of Pasley's sentence; the district judge did not even state in this aside what sentence was contemplated.   Moreover, the court's prediction was contingent: "*unless I hear something that I don't expect to hear in this sentencing*, there will be a [guidelines] sentence here."   App'x 98 (emphasis added).   Accordingly, the district judge expressed willingness to hear and consider Pasley's statement. There was no Rule 32 violation.

**3.** Pasley argues that the district court violated Federal Rule of Criminal Procedure 11(c)(1)(C) by failing to explicitly accept or reject the plea agreement on the record.   But Pasley's plea agreement was *not* a Rule 11(c)(1)(C) agreement.

*****

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court